**COMMONWEALTH of Kentucky, DEPART-
MENT OF HIGHWAYS, Appellant,**

v.

**Fred SHIRLEY et al., Appellees.**

Court of Appeals of Kentucky.

Dec. 16, 1966.

———◆———

Robert F. Matthews, Atty. Gen., H. C. Smith, Dept. of Highways, Frankfort, Charles W. Huddleston, Bowling Green, for appellant.

Joe S. Garman, Chester I. Bays, Bowling Green, for appellees.

CLAY, Commissioner.

The Commonwealth condemned approximately 7½ acres of appellee Shirley's 21-acre tract of land for the construction of I–65 in Warren County. The jury awarded $22,000 and we are sustaining the Commonwealth's contention that this amount is excessive.

The property involved is situated about two miles southeast of Bowling Green. It was roughly triangular in shape near the intersection of U.S. 231 and the Three Springs Road, and abutted for a substantial distance on both sides of these roads. It had substantial improvements, including a residence which faced the Three Springs Road, and was apparently used for agricultural purposes. The 7½ acres taken was at the rear of this tract that abutted U.S. 231 (which will become non-access I–65), considering the front to be that facing on the Three Springs Road where the residence was located.

In 1959 appellee Shirley purchased this property for $19,000, and subsequently gave a substantial residential building lot (facing Three Springs Road) to his son.

At the trial the landowner's allegedly expert witnesses testified to before values ranging from $54,000 to $61,000, and a difference in value ranging from $30,000 to $41,000. None alluded to any comparable sales. One of them, a licensed real estate dealer, testified that he had never owned any real estate in Warren County, had never bought or sold any real estate for anyone and had never been present in connection with any private or public real estate transaction in Warren County. These witnesses briefly mentioned a possible use of this property for subdivision purposes, but there is nothing in the record to indicate any similar development in the vicinity and this potentiality appeared entirely speculative.

At first blush it is difficult to comprehend how approximately *one-third* of a tract of land, which *in its entirety* was purchased for $19,000 in 1959, could have a value in 1964 for condemnation purposes of $22,000, particularly when the remaining 13½ acres contained all of the valuable improvements and had almost unlimited access

to an adequate highway. Had the landowner's witnesses made some effort to justify their bald opinions of seemingly extravagant valuations and devaluations, their testimony might have tended to induce conviction. However, it was so lacking in probative value that it does not alter our first blush conclusion that this award was grossly excessive.

The judgment is reversed with directions to grant appellant a new trial.